FIRST NAT. BANK OF BIRMINGHAM *v.* MITCHELL *et al.*

(Division B.  Feb. 1, 1932.)

[139 So. 316.  No. 29676.]

Tom T. Ross, of Clarksdale, and Cooper & Thomas, of Indianola, for appellant.

528

Moody & Johnson, of Indianola, for appellees.

**Ethridge, P. J.**, delivered the opinion of the court.

The First National Bank of Birmingham, Alabama, had a deed of trust upon certain lands in Mississippi

given by J. W. Cooke, and it became necessary to foreclose the deed of trust upon one of the plantations embraced therein.

It appears that the note securing the deed of trust was in excess of the value of the property, and that, at the time of the sale, there was not much prospect for bids in large amounts, and it was probable that a loss would be incurred. The bank had negotiated with certain other parties for them to purchase the land at the sale. While the matter was pending, and before the sale was made, the attorneys for the appellant (the First National Bank of Birmingham), having charge of the foreclosure, had a conversation with the appellees Mitchell & Cantwell, a real estate firm in Sunflower, Mississippi, in which Mitchell & Cantwell proposed to procure a purchaser for twenty-seven thousand five hundred dollars, provided they were given a commission of one thousand dollars for so doing. The attorneys tentatively made this arrangement, and wrote to the appellant the facts so proposed, and the appellant instructed the attorneys to make this arrangement with the understanding that, if any one else bid a higher price, the trustee was to accept such higher bid, but, otherwise, he would sell to the purchaser produced by the real estate agents.

After this arrangement had been made between the appellees and the attorneys representing the appellant, said J. W. Cooke, having learned the fact that other persons were ready to bid the property in for cash consideration, went to Birmingham and took up with the appellant a deal whereby Cooke would become the purchaser at the sale, or from the appellant, if the appellant bid in the property at the sale, at and for the sum of thirty-six thousand two hundred dollars.

The attorney handling the foreclosure sale was notified of this arrangement, and was requested to bid in the property for the appellant, but, if he could not do so on

account of being trustee, then to procure some one to bid it in for the appellant at the sale, the bid to be for thirty-six thousand two hundred dollars. Whereupon Cooke bid for the appellant the sum of thirty-six thousand two hundred dollars, and the land was sold to the appellant. This was a matter of surprise to appellees and to the purchasers procured by them, and they tendered to the appellant, after the purchase, the sum of twenty-seven thousand five hundred dollars,· and demanded a deed, which was refused. Whereupon Mitchell & Cantwell brought this suit against the appellant for the sum of one thousand dollars commission due them.

On the hearing, the correspondence passing between the appellant and its Mississippi attorney was introduced in evidence and showed the facts above stated, and that the appellant was seriously considering taking the price of twenty-seven thousand five hundred dollars at the time the arrangement was made between its attorney and Mitchell & Cantwell.

It is argued that the attorney had no authority to make any such arrangement; it being in excess of his authority as an attorney. This is completely negatived by the correspondence, which shows that the appellant ratified the arrangement and authorized its commission; but that, after so doing, without notice to Mitchell & Cantwell, it entered into the arrangement with J. W. Cooke as above stated, and became the purchaser of the property.

Mitchell & Cantwell, having complied with their contract by producing a purchaser ready, willing, and able to pay the price agreed upon, are entitled to recover their compensation.

A party cannot breach its own contract and escape liability.

It is also argued that the agreement evidenced by the correspondence was that the trustee was to accept any

cash bid above twenty-seven thousand five hundred dollars, and that this provision would prevent the appellees' recovery, because the sale price was for a greater amount than that embodied in the contract with Mitchell & Cantwell.

This would be a valid contention had a third person, in good faith, been the purchaser, but the sale to the appellant, and through it to Cooke, under a credit arrangement, was a different arrangement from that contemplated in the correspondence.

The chancellor having allowed the one thousand dollars commission due to Mitchell & Cantwell, and finding no reversible error, the judgment will be affirmed.

Affirmed.